IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jonszhell D. Simmons-Agnew, | ) | C/A No. 2:20-cv-4402-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| HB Employee Services, LLC, Brookdale | ) | |
| Senior Living Communities, Inc., and | ) | |
| Brookdale Senior Living, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

On December 21, 2020, Plaintiff Jonszhell D. Simmons-Agnew filed a complaint asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pregnancy Discrimination Act ("PDA").[1] Defendants HB Employee Services, LLC, Brookdale Senior Living Communities, Inc., and Brookdale Senior Living, Inc. (collectively, "Defendants") filed a motion to compel arbitration or in the alternative to dismiss (the "Motion"). The Motion was referred to United States Magistrate Judge Jacquelyn D. Austin for a Report and Recommendation ("Report"), in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C..

---

[1] The PDA "added new language to the definitions subsection of Title VII"; the first clause of the PDA "specifies that Title VII's term 'because of sex' includes because of or on the basis of pregnancy, childbirth, or related medical conditions." *Young v. United Parcel Service, Inc.*, 575 U.S. 206, 135 S. Ct. 1338, 1344-45 (2015) (quoting 42 U.S.C. § 2000e(k)) (alterations omitted).

**BACKGROUND**

Plaintiff was employed by Defendants as a Resident Care Associate. She asserts claims for discrimination and retaliation based on allegations that when she informed Defendants that she was pregnant they refused to accommodate her and ultimately fired her because of her condition. Defendants argue that Plaintiff is subject to the Brookdale Dispute Resolution Agreement ("Resolution Agreement"), which provides in pertinent part that she and Defendant Brookdale Senior Living, Inc. will resolve "any legal dispute arising out of or related to [her] employment . . . using final and binding arbitration . . . ." ECF No. 5-1 at 2. The Resolution Agreement identifies Title VII claims specifically as covered claims. Defendants attach to the Motion a copy of the Resolution Agreement signed by Plaintiff on September 26, 2018. ECF No. 5-2 at 2.[2] Defendants also seek attorney fees and costs incurred in preparing the Motion. In response, Plaintiff contends the Resolution Agreement is not subject to the Federal Arbitration Act ("FAA") because it "does not involve interstate commerce"; the Resolution Agreement is invalid as unconscionable and because it lacks adequate consideration; and the PDA claim is not covered by the Resolution Agreement. ECF No. 8 at 2.[3] Plaintiff disputes she should be liable for Defendants' fees and costs should the court grant the Motion.

On February 16, 2021, the Magistrate Judge issued a Report recommending that the court grant the Motion and dismiss the action without prejudice. ECF No. 11. The Magistrate Judge began her analysis by noting that the FAA "establishes a 'strong federal public policy in favor of enforcing arbitration agreements' and is designed to 'ensure judicial enforcement of privately made agreements to arbitrate.'" *Id.* at 5 (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S.

---

[2] The court may consider documents outside the pleadings when deciding a motion to compel arbitration. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012)).
[3] The second page of Plaintiff's response brief is missing from the docket.

2

213, 219 (1985)). She then considered whether there exists between the parties a written agreement that includes an arbitration provision that purports to cover the dispute and whether that written agreement relates to or involves interstate commerce. *See Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (listing the elements a party must establish in order to compel arbitration). The Magistrate Judge answered both questions in the affirmative and further determined that the Resolution Agreement is valid and enforceable pursuant to South Carolina law governing contracts. ECF No. 11 at 9-10. Finally, the Magistrate Judge concluded that an award of fees and costs is not appropriate because Defendants "have failed to show bad faith on the part of Plaintiff in challenging the validity of the Agreement." *Id.* at 20.

On March 3, 2021, Plaintiff submitted her objections, which are limited to contesting the Report's analysis as to unconscionability and disagreeing with the recommendation that the court should dismiss the lawsuit rather than impose a stay. ECF No. 13. On March 5, 2021, Defendants filed a response to the objections contending that Plaintiff raises no new arguments.[4] ECF No. 14. This matter is now before the court for review of the Magistrate Judge's Report.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315;

---

[4] Defendants did not object to the Magistrate Judge's recommendation regarding their request for sanctions.

3

*Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

I.     **Unconscionability**

Plaintiff filed a timely objection; however, she asserts only that the Magistrate Judge "relies on this Court's ruling in previous cases related to identical arbitration agreements which the court ruled were not unconscionable," and that the Magistrate Judge's "reliance on these decisions are [sic] misplaced because the Court has not fully evaluated the agreement to determine if the agreement is actually unconscionable."  ECF No. 13 at 3.  This objection teeters on the line of general and conclusory in nature; however, in an effort to provide a comprehensive analysis, the court expounds on the Report's discussion as follows.

The court begins by noting that the Magistrate Judge addressed Plaintiff's contention regarding unconscionability and correctly applied South Carolina law regarding contract formation and interpretation.  *See* ECF No. 11 at 14.  As the Magistrate Judge explained, in South Carolina, "unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 668 (S.C. 2007).  In analyzing claims of unconscionability in the context of arbitration agreements, courts focus generally on whether "the arbitration clause is geared towards achieving an unbiased decision by a neutral decision-maker."  *Id.* (citing *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999)).  As the party resisting arbitration, Plaintiff bears the burden of establishing that the Resolution

4

Agreement is unconscionable. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000).

Plaintiff argues the Resolution Agreement was drafted by Defendants and offered on a "take it or leave it basis as a condition of Plaintiff's employment"; Plaintiff had no power to negotiate; the Agreement is "broadly drafted to include any legal disputes arising out of or related to Plaintiff's employment"; and the Agreement "is far more restrictive on the part of the Plaintiff" because it "limits [her] ability to pursue claims against her employer." ECF No. 8 at 4. "[A]greements to arbitrate federal statutory claims, such as those pursued under Title VII, may be revoked if the prospective litigant demonstrates that it cannot 'effectively . . . vindicate his or her statutory cause of action in the arbitral forum." *Green Tree*, 531 U.S. at 89. The "crucial inquiry . . . is whether the particular claimant has an adequate and accessible substitute forum in which to resolve his statutory rights . . . ." *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001).

Review of the Agreement reflects that the arbitration provision applies to both parties as to all covered disputes; the provision does not prohibit Plaintiff from filing claims with the appropriate administrative agency for workers' compensation, state disability insurance, or unemployment benefits; the provision provides that the parties will pick an arbitrator by mutual agreement and that the arbitration will take place within twenty miles from the location of where Plaintiff last worked; and the provision allocates cost for the arbitrator and arbitration fees to Defendants. ECF No. 5-2 at 2. On whole, the court does not find that the arbitration provision reflects oppressive, one-sided terms or an absence of meaningful choice; the court similarly does not find that the provision "is geared towards achieving an unbiased decision by a neutral decision-maker." *Hooters*, 173 F.3d at 938-39 (listing examples of rules in an employment

5

arbitration agreement that "taken as a whole [] are so one-sided that their only possible purpose is to undermine the neutrality of the proceeding"). *Cf. Simpson*, 644 S.E.2d at 672 (holding an arbitration clause in a vehicle trade-in contract unconscionable due to "a multitude of one-sided terms," and emphasizing "the importance of a case-by-case analysis"); *Murray v. United Food and Commercial Works Int'l Union*, 289 F.3d 297, 302-03 (4th Cir. 2002) (holding an arbitration agreement unconscionable where it was drafted by prospective employer and placed control over selection of single arbitrator in hands of the employer, and where language of arbitration agreement read in conjunction with relevant union bylaws could be construed as prohibiting an arbitral decision that would contravene the right to terminate the employee). The court agrees with the Magistrate Judge's assessment that Plaintiff has not demonstrated the Resolution Agreement is unconscionable.

## II.     Disposition of the Case

With respect to the disposition of the case, Plaintiff objects to dismissal and asserts that "Defendants have not submitted an Answer to the Plaintiff's Complaint nor has any discovery been conducted," and, if it dismisses the action, the court "would effectively eliminate the Plaintiff's ability to return to the Court if arbitration fails or if the Defense asserts any claims related to this matter that would not be covered under the arbitration agreement." ECF No. 13 at 5. Defendants argue that Plaintiff provides no "substantive argument in support of [her] position" and assert that under Fourth Circuit law, dismissal is appropriate where all the issues presented in a lawsuit are subject to arbitration. ECF No. 14 at 3.

The Fourth Circuit has held that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). The Circuit has also held that a stay is required when the

arbitration agreement covers the matter in dispute. *See Hooters*, 173 F.3d at 937. Indeed, the FAA requires the court to stay any suit "referrable to arbitration" under an arbitration agreement, where the court has determined that the agreement so provides and one of the parties seeks to stay the action. 9 U.S.C. § 3. The Circuit itself has recognized this conflicting guidance as intra-circuit tension, which is reflective of a circuit split on the issue. *Aggarao*, 675 F.3d at 375-76 n.18 (noting "[t]here may be some tension between our decision in *Hooters* . . . and *Choice Hotels*," and recognizing the irreconcilable holdings in the Seventh and Fifth Circuits, but concluding that it need not resolve the disagreement in that instance explaining that dismissal was not appropriate, even under *Choice Hotels*).

Although Plaintiff does not expressly argue the point, the court acknowledges that a prospective litigant claiming a violation of Title VII must file her lawsuit within 90 days of the date the Equal Employment Opportunity Commission issues its decision or she forfeits the right to pursue her claim. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150-52 (1984); 42 U.S.C. § 2000e-5(f)(1). For this reason, the court will sustain Plaintiff's objection. To foreclose any possibility of a contest regarding whether Plaintiff's claims are time-barred should the arbitration process not resolve the matter in its entirety, the court will impose an administrative closure of this action pending the outcome of the arbitration proceedings. *See Penn-America Ins. Co. v. Mapp*, 521 F.3d 290 (4th Cir. 2008) (recognizing administrative closure as a tool of docket management and not a final, appealable act).

## CONCLUSION

The court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation as to the matters to which no objection was raised. The court adopts the Magistrate Judge's recommendation as to those matters and incorporates the Report as modified

to reflect the unconscionability analysis discussed herein and the imposition of a stay. ECF No. 11. The Motion, ECF No. 5, is granted and the action is administratively closed pending the outcome of arbitration and subject to reinstatement on the motion of either party as is appropriate.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

May 5, 2021
Charleston, South Carolina